Atty to Serve

FILED

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

2008 MAR 10 AM 9: 13

CATHERINE F. QUIST
CIRCUIT COURT CLERK

LINDA ELLISON and ELAINE BEELER, Next of Kin of HELEN RUTHERFORD Deceased

Plaintiff,

vs.

C.R. BARD, INC., and DAVOL, INC.

Defendants

No. 3-100-08
JURY DEMANDED

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:
REGISTERED AGENT:

**C. R. Bard, Inc.**
c/o Stephen J. Long,
730 Central Avenue
Murray Hill, New Jersey 07974.

You are hereby summoned and required to serve upon **R.D. Hash and Cathy Morton,** Plaintiffs' attorney, whose address is **P.O. BOX 4397, MARYVILLE, TENNESSEE 37802-4397**, an answer to the Complaint herewith served upon you, within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

**ISSUES AND TESTED** this 10th day of March, 2008.

Catherine F. Quist
Clerk

Jennifer Kitts
Deputy Clerk

**NOTICE**

EXHIBIT A

To the Defendant:

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of

from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the Process Server: Defendant, **Davol, Inc.** can be served through its agent for service of process, CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903.

## RETURN

I received this summons on the _____ day of ____________________, 2008.

I hereby certify and return that on the _____ day of __________________, 2008, I:

[ ] served this Summons and Complaint on the Defendant, _______________ in the following manner:

______________________________________________________________________________

______________________________________________________________________________

[ ] failed to serve this summons within 30 days after its issuance because: _________________

______________________________________________________________________________

___________________________________

Process Server/Attorney

FILED

2008 MAR 10 AM 9:12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

LINDA ELLISON and ELAINE BEELER, Next of Kin of HELEN RUTHERFORD Deceased

Plaintiff,

vs.

C.R. BARD, INC., and DAVOL, INC.

Defendants

No. 3-100-08

JURY DEMANDED

## COMPLAINT

Plaintiffs brings this action for damages arising out wrongful death of their mother resulting from a defective and unreasonably dangerous hernia patch manufactured and marketed by the Defendants in violation of the Tennessee Products Liability Act, T.C.A. § 29-28-101 et. seq. and would respectfully show to the Court as follows:

1. Plaintiffs, Elaine Beeler and Linda Ellison, are the daughters and next of kin of Helen Rutherford, deceased, who prior to and at the time of her death was a citizen and resident of Knoxville, Knox County, Tennessee.

2. This cause of action arises in Knox County, Tennessee.

3. The Defendant, C. R. Bard, Inc., is a foreign corporation doing business in the State of Tennessee, having its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974 and is subject to suit and service of process pursuant to the provisions of T.C.A. § 20-2-201 et. seq. This Defendant's designated agent for service of process is Stephen J. Long, 730 Central Avenue, Murray Hill, New Jersey 07974.

4. The Defendant, Davol, Inc., is a foreign corporation and wholly owned subsidiary of C. R. Bard, Inc., doing business in the State of Tennessee, having its principal place of business at 100 Sockanosett Crossroad, Cranston, Rhode Island 02920 and is subject to suit and service of process pursuant to the provisions of T.C.A. § 20-2-201 et. seq. This Defendant's designated agent for service of process is CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903.

5. At all times material hereto the Defendants designed, manufactured, marketed, sold and distributed medical and surgical products including a Bard Composix® Kugel Hernia Patch used for repair of ventral hernias.

6. The hernia patch was introduced into the stream of commerce and distributed by the Defendants to the State of Tennessee and intended by the Defendants for use in patients in the State of Tennessee.

7. On or about April 6, 2004, Plaintiff's decedent, Helen Rutherford, was admitted to University of Tennessee Memorial Hospital in Knoxville, Tennessee for surgical repair of a ventral hernia. A Bard Composix® Kugel Hernia Patch, Ref # 0010207 was utilized for the repair and implanted into Mrs. Rutherford's abdomen during the procedure.

8. Mrs. Rutherford's surgical wound did not heal as expected and she developed persistent abdominal pain and tenderness, and chronic infection.

9. On or about March 20, 2007, Mrs. Rutherford presented to the emergency room and admitted to the hospital with abdominal abscess. CT revealed an enterocutaneous fistula. Exploratory surgery and debridement was performed on March 22, 2007 at which time it was determined that a more extensive abdominal surgery would be required to remove the hernia

patch and probable bowel resection but that the surgery should be delayed to allow improvement in Mrs. Rutherford 's medical condition.

10. Mrs. Rutherford was admitted to the hospital and underwent additional surgery on July 7, 2007 for removal of the hernia patch and debridement of the abdominal wall. During the surgery it was discovered that the patch was defective and that the memory recoil ring designed to open the hernia patch after insertion into the body was broken resulting in the chronic fistula and abdominal abscess.

11. Mrs. Rutherford did not recover from the surgery, developed multisystem organ failure secondary to the enterocutaneous fistula and infected hernia patch and died on July 28, 2007.

12. The Defendants' Bard Composix® Kugel Hernia Patch including the Bard Composix® Kugel Hernia Patch, Ref # 0010207 such as the patch inserted into Mrs. Rutherford's body was unreasonably dangerous and in a defective condition as those terms are defined by the Tennessee Products Liability Act, T.C.A. § 29-28-101, et. seq.

13. The Bard Composix® Kugel Hernia Patch, Ref # 0010207 inserted into Mrs. Rutherford was in a defective condition and unreasonably dangerous at the time it left the control of the Defendants.

14. The unreasonably dangerous and defective condition of the Bard Composix® Kugel Hernia Patch was not apparent to Mrs. Rutherford or her physician at the time it was inserted into Mrs. Rutherford's body.

15. The Bard Composix® Kugel Hernia Patch that was inserted into Mrs. Rutherford was not altered, changed, improperly maintained or subjected to abnormal use by Mrs.

Rutherford or her physician.

16. At all times material hereto, the Defendant advertized, represented and warranted that the Bard Composix® Kugel Hernia Patch was safe and fit for use in humans, and specifically safe and fit for use in the repair of ventral hernias.

17. At all times material hereto the Defendants, their agents and employees had the duty to take reasonable precautions to prevent or minimize the foreseeable risks of harm to patients including Mrs. Rutherford.

18. On and prior to March 20, 2007, the Defendant's knew that their Bard Composix® Kugel Hernia Patch was defective and unreasonably dangerous beyond that which would be contemplated by the ordinary consumer, and could cause dangerous and unsafe risks of injury and death.

19. Prior to March 20, 2007, the Defendants were aware of reports that the memory recoil ring was prone to breaking during insertion of the hernia patch and could cause life threatening injuries to patients including abscess and chronic enteric fistulas such as that sustained by Mrs. Rutherford.

20. Subsequent to April 6, 2004 but months prior to March 20, 2007 the various lots of the Composix® Kugel Hernia Patch, were recalled including the Composix® Kugel Hernia Patch Ref # 0010207 such as that the patch that been inserted into Mrs. Rutherford's body for the repair of her hernia.

21. Upon information and belief, each of the Defendants, their agents, servants and or employees, negligently, recklessly, and in willful disregard for the safety of the Plaintiffs' decedent failed to take reasonable precautions to prevent injury to Mrs. Rutherford.

22. The Defendants negligently designed, fabricated, produced, tested, sold, marketed, advertised and distributed the Bard Composix® Kugel Hernia Patch, including the Bard Composix® Kugel Hernia Patch Ref # 0010207.

23. The Defendants negligently failed to exercise reasonable care by failing to produce, manufacture, construct, design, assemble, market, distribute and sell a medical product that was safe and durable for its intended use and failing to adequately test and inspect the Hernia Patch to determine that it was safe and not defective and unreasonably dangerous for long-term use.

24. The Defendants negligently, recklessly and/or intentionally misrepresented and failed to timely and fully disclose the risk of injury to patients and physicians and failed to timely and appropriately notify and warn Mrs. Rutherford and her physicians of the risks of injury and death from the Bard Composix® Kugel Hernia Patch.

25. Upon information and belief, the Defendants negligently and recklessly breached their warranties, both expressed and implied, including warranties of fitness for a particular purpose.

26. The Defendants are strictly liable to the Plaintiff for manufacturing, constructing, designing, assembling, testing, producing, selling, and distributing an unreasonably dangerous and defective product pursuant to T.C.A. §29-28-101 et seq., which proximately caused injuries resulting in Mrs. Rutherford's death.

27. As a direct and proximate result of the Defendants' negligence, Helen Rutherford sustained excruciating painful injuries requiring additional medical care and surgery and resulting in her death, incurred additional medical bills and funeral expenses. Mrs. Rutherford's family lost their loved one, suffered mental anguish and emotional distress, lost

time from work and home and incurred expenses.

WHEREFORE, Plaintiffs seek compensation for injuries and wrongful death of their mother, Helen Rutherford, the pecuniary value of her life and loss of consortium of not less than Three Million Dollars ($3,000,000.00) and for all other relief to which the Plaintiffs may be entitled. Plaintiffs request a jury be empaneled to determine the issues.

R. D. HASH, BPR # 010984
211 Ellis Avenue
Maryville, Tennessee 37804

CATHY H. MORTON, BPR #010240
NICHOLSON & MORTON
609 Smithview Drive
P.O. Box 4397
Maryville, Tennessee 37802-4397
865-983-3400

BY: Cathy Morton
Cathy H. Morton
Attorney for Plaintiffs

FILED
2008 MAR 10 AM 9: 12
CATHERINE F. QUIST
CIRCUIT COURT CLERK

**COST BOND**

We, LINDA ELLISON and ELAINE BEELER,, as Principals, and R. D. Hash and Cathy Morton as Sureties, are held and firmly bound unto the Circuit Court Clerk of Knox County, Tennessee for the payment of all costs awarded against the Principals To that end, we bind ourselves, our heirs, executors and administrators.

The Principals are commencing legal proceeding in the Circuit Court of Knox County, Tennessee. If the Principals shall pay all costs which are adjudged against them then this obligation is void. If the Principals fail to pay then the Sureties shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. 20-12-120 et seq.

FILED

2008 MAR 10 AM 9:12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

Linda Ellison, Principle
5717 Branch Road
Loudon, Tennessee 37774

Elaine Beeler, Principle
8303 Tobe Tindle Road
Corryton, Tn 37721

R. D. Hash, Surety
211 Ellis Avenue
Maryville, Tennessee 37804

Cathy Morton, Surety
Nicholson and Morton Attorneys
P.O. Box 4397
609 Smithview Drive
Maryville, TN. 37802

Cathy Morton
Cathy Morton, Attorney